_____
                                            )
YOUNGIN'S AUTO BODY                         )
c/o James Gee,                              )
                                            )
            Plaintiff,                       )
                                            )
    v.                                      )    Civil Action No. 09-1376 (RBW)
                                            )
DISTRICT OF COLUMBIA,                       )
                                            )
            Defendant.                       )
_____)

## AMENDED MEMORANDUM OPINION[1]

The plaintiff, Youngin's Auto Body, brings this action against the defendant, District of

Columbia, pursuant to 42 U.S.C. § 1983 (2006), alleging that the defendant violated the Fourth,

Fifth, and Fourteenth Amendments to the United States Constitution by wrongfully depriving the

plaintiff of its business license.  Complaint ("Compl.") ¶¶ 15-21.  The plaintiff further contends

that Defendant District of Columbia's legislative and regulatory scheme governing tow truck

operators is preempted by the Federal Aviation Administration Authorization Act, 49 U.S.C. §

14501 (2006).  Id. ¶¶ 22-31.[2]  Currently before the Court is the Defendant's Motion to Dismiss

("Def.'s Mot.") under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), asserting that the

Court lacks subject matter jurisdiction over this case and that the defendant has failed to state a

claim upon which relief can be granted.  The plaintiff opposes the defendant's motion.[3]

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant District of

---

[1]    This Amended Memorandum Opinion amends the May, 13, 2010 Memorandum Opinion.

[2]    For these alleged constitutional and statutory violations, the plaintiff seeks compensatory damages, a
declaratory judgment pursuant to 28 U.S.C § 2201 (2006), attorneys fees and court costs.

[3]    The Court also considered the following documents in resolving this motion: (1) Memorandum of Points
and Authorities in Support of Defendant's Motion to Dismiss ("Def.'s Mem."), and (2) Defendant's Reply to
Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss ("Def.'s Reply").

Columbia's Motion to Dismiss ("Pl.'s Opp'n").  For the reasons set forth below, the defendant's

motion must be granted.

## I.  BACKGROUND

Plaintiff Youngin's Auto Body ("Youngin's") is a towing services and auto body business

that operated in the District of Columbia ("District") for close to twenty years.  Compl. ¶ 1.

Between November 2006 and March 2007, the District of Columbia Department of Consumer

and Regulatory Affairs ("DCRA")—the agency charged with executive oversight and

enforcement of matters involving the District's towing and storage companies—investigated

Youngin's for violations of the District's towing regulations.  Id. ¶¶ 2-3.  Following this

investigation, on April 27, 2007, the DCRA issued to Youngin's a Notice to Revoke Basic

Business License for towing services and storage, id. ¶ 6, based on five charges brought against

Youngin's: (1) failure to provide a printed copy of the "Owner's Bill of Rights," (2) failure to

promptly release a vehicle after receiving payment and proof of ownership, (3) failure to obtain a

control number from the Department of Public Works prior to the release of a vehicle, (4)

requiring cash payment for towing and storage, rather than accepting credit cards, and (5)

overcharging for storage of a vehicle,  id. ¶ 5.

On July 20, 2007, the DCRA moved for a Temporary Restraining Order from the

Superior Court of the District of Columbia to enjoin Youngin's' operation pending a Final Order

from the District's Office of Administrative Hearings ("OAH").  Id. ¶ 7.  Youngin's consented to

the issuance of  the Temporary Restraining Order, and, effective July 26, 2007, it ceased

operation of its towing and storage service.  Id. ¶¶ 7-8.  Following an evidentiary hearing

conducted by an Administrative Law Judge, the OAH granted the DCRA's petition for

revocation of Youngin's' business license on October 4, 2007.  Id. ¶¶ 7, 9.  The OAH thereafter

denied Plaintiff's Motion for Reconsideration and Stay of Enforcement of Final Order on November 16, 2007. Id. ¶ 10.

The plaintiff appealed the OAH's ruling to the District of Columbia Court of Appeals on November 6, 2007. Id. ¶ 11. In its appeal, Youngin's argued that the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501, preempted the District's authority to regulate Youngin's storage and towing operations. Id. On April 15, 2009, the Court of Appeals affirmed the OAH ruling, id., but specifically declined to address the preemption claim because the plaintiff failed to raise that issue before the OAH. Youngin's Towing & Auto Body, Inc. v. D.C. Dep't of Consumer & Regulatory Affairs, No. 07-AA-1210, slip op. at 2 (D.C. Apr. 15, 2009) (per curiam). The court explained that it only considers issues that were not presented to the administrative agency in "extraordinary circumstances," and that no such circumstances were present, because "[w]hatever the merit of Youngins' [sic] preemption argument, it certainly is not readily apparent that the regulations in issue . . . are pre-empted by federal law." Id. And the court went on to note that "with a few exceptions, courts in other jurisdictions that have considered similar regulations generally have concluded that the regulations are not pre-empted." Id. (footnote omitted).

The plaintiff then filed its complaint in this action asserting the following claims against Defendant District of Columbia: (1) "[u]nconstitutional [s]eizure in [v]iolation of the Fourth, Fourteenth, and Fifth Amendments" (Count I), and (2) "[the] District [l]acked [j]urisdiction, [a]uthority, and [p]ower to [r]evoke [p]laintiff's [b]usiness [l]icense" (Count II). See generally Compl. The plaintiff seeks an award of monetary damages, attorneys fees and costs, and it also asks this Court to "enter [a] declaratory judgment and injunctive relief against Defendant District of Columbia, declaring its regulation of certain towing actions to be illegal and enjoining the

District from [its] arbitrary and capricious application and unauthorized enforcement [of DC Code § 47-2851 and Title 16, Chapter 4, of the District of Columbia Municipal Regulations ("DCMR"), 16 DCMR § 402, which regulates the towing of motor vehicles,] are pre-empted by 49 USC § 14501" (Count III).  Id. ¶ 31.

## II.  STANDARD OF REVIEW

A motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint has properly stated a claim upon which relief can be granted.  Wells v. United States, 851 F.2d 1471, 1473 (D.C. Cir. 1988).  For a complaint to survive a Rule 12(b)(6) motion, Federal Rule of Civil Procedure 8(a) requires only that it provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although Rule 8(a) does not require "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff is required to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009), in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (internal citation, quotation marks and alteration omitted).  Thus, while "detailed factual allegations are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the grounds of entitlement to relief, a plaintiff must furnish more than labels and conclusions or a formulaic recitation of the elements of a cause of action."  Hinson ex rel. N.H. v. Merritt Educ. Ctr., 521 F. Supp. 2d 22, 27 (D.D.C. 2007) (quoting Twombly, 550 U.S. at 555) (internal quotation marks and alterations omitted). In the final analysis, dismissal for failure to state a claim is "proper when . . . the court finds that [a] plaintiff[] has failed to allege all the material elements of [his] cause of action."  Taylor v. FDIC, 132 F.3d 753, 761 (D.C. Cir. 1997).

## III. LEGAL ANALYSIS

### A.  Res Judicata

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata."  Taylor v. Sturgell, 553 U.S. 880, 891 (2008) (internal quotation marks omitted and emphasis added).  Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Allen v. McCurry, 449 U.S. 90, 94 (1980). The doctrine of issue preclusion (collateral estoppel), in contrast, bars "'successive litigation of an issue of fact or law [which was] actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim."  Taylor, 128 S. Ct. at 2171 (citations omitted).  By precluding parties from contesting matters they already had "a full and fair opportunity to litigate," the doctrines of claim and issue preclusion "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  Allen, 449 U.S. at 94 (citations omitted).  When a state court has adjudicated a claim or issue, these doctrines also serve to "promote the comity between state and federal courts that has been recognized as a bulwark of the federal system."  Id. at 96 (citations omitted).

Federal courts must accord District of Columbia court judgments the same preclusive effect those judgments would be given by District of Columbia courts.  See 28 U.S.C. § 1738 (2006); Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982) ("Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.").  Thus, "§ 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect

of state judgments." Kremer, 456 U.S. at 481-82 (emphasis added). Rather, § 1738 requires "a federal court to accept the rules chosen by the State from which the judgment is taken."[4] Id.; see also Smith v. District of Columbia, 629 F. Supp. 2d 53, 58 (D.D.C. 2009) (applying District of Columbia res judicata law in determining preclusive effect of Superior Court of the District of Columbia judgment); Walker v. Seldman, 471 F. Supp. 2d 106, 113 (D.D.C. 2007) (same). This Court must, therefore, apply the claim preclusion doctrine to the claims in this case as District of Columbia courts would apply it.

Although the defense of res judicata is jurisdictional in character, it is an affirmative defense, see Fed. R. Civ. P. 8(c)(1), and therefore is not a per se jurisdictional bar to court review as contemplated by Federal Rule of Civil Procedure 12(b)(1). See Stanton v. District of Columbia Court of Appeals, 127 F.3d 72, 75 (D.C. Cir. 1997) ("Res judicata is an affirmative defense that may be lost if not pleaded in the answer."); Hemphill v. Kimberly Clark Corp., 605 F. Supp. 2d 183, 186 (D.D.C. 2009) (observing that "res judicata is an affirmative defense that is generally pleaded in a defendant's answer, but is also properly brought in a pre-answer Rule 12(b)(6) motion").

The defendant moves for dismissal on the grounds that the plaintiff's claims are barred by res judicata and should therefore be dismissed. Def.'s Mem. at 5-6. Specifically, the defendant argues that the doctrine of claim preclusion bars this suit because it is an "improper attempt to re-litigate claims that were, or could have been, heard by the [OAH] and [the] D.C. Court of Appeals." Id. at 5-6. The plaintiff, on the other hand, contends that its claims are not barred by claim preclusion for several reasons. Pl.'s Opp'n at 4. First, the plaintiff alleges that its preemption claim is not barred because the D.C. Court of Appeals "expressly declined to address

---

[4]      The Court appreciates that § 1738, does not apply to unreviewed administrative findings. Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 109 (1991). The OAH ruling, however, was reviewed and affirmed by the District of Columbia Court of Appeals and is therefore covered by § 1738.

the Plaintiff's preemption claim." Id.  Second, the plaintiff asserts that its § 1983 claim is not

barred because "there is no reference in [the] Plaintiff's brief before the D.C. Court of Appeals

regarding [the] Defendant's violation of 42 U.S.C. § 1983." Id. at 5.  Finally, the plaintiff

contends that none of its claims are barred by claim preclusion because it did not have a "full and

fair opportunity" to litigate the claims before the OAH or the D.C. Court of Appeals. Id. at 4-5.

### 1. Claim Preclusion

Under the District of Columbia's claim preclusion doctrine, "a final judgment on the

merits of a claim bars relitigation in a subsequent proceeding of the same claim between the

same parties or their privies." Patton v. Klein, 746 A.2d 866, 869 (D.C. 1999) (citations

omitted).  District of Columbia courts use a three-part test in determining the applicability of

claim preclusion: "(1) whether the claim was adjudicated finally in the first action; (2) whether

the present claim is the same as the claim which was raised or which might have been raised in

the prior proceeding; and (3) whether the party against whom the plea is asserted was a party or

in privity with a party in the prior case." Id. at 870.

In this case, two initial matters are not in dispute: first, the parties in this action are

identical to those in the litigation before the OAH and the District of Columbia Court of Appeals,

and second, both the OAH and the District of Columbia Court of Appeals issued final rulings on

the merits.  The only issue before this Court, then, is whether the second element of the claim

preclusion test is satisfied; that is, "whether the present claim is the same as the claim which was

raised or which might have been raised in the prior proceeding." Id.

For purposes of claim preclusion, "the nature and scope of a 'cause of action' is

determined by the 'factual nucleus, not the [legal] theory on which a plaintiff relies.'" Faulkner

v. GEICO, 618 A.2d 181, 183 (D.C. 1992).  "If there is a common nucleus of facts, then the

actions arise out of the same cause of action." Id. A claim or cause of action includes "'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" Id. (quoting Smith v. Jenkins, 562 A.2d 610, 613 (D.C. 1989)). The doctrine of claim preclusion thus "operates to bar in the second action not only claims which were actually raised in the first, but also those arising out of the same transaction which could have been raised." Patton, 746 A.2d at 870 (emphasis added and citation omitted).

Here, the "nucleus of facts" underlying the litigation before the OAH and the District of Columbia Court of Appeals are precisely the same facts underlying the plaintiff's claims in this Court. Before the OAH and the District of Columbia Court of Appeals, the plaintiff challenged the DCRA's revocation of its business license for towing storage and services. See Compl. at ¶¶ 5-7. Now, before this Court, the plaintiff brings a § 1983 claim (Count I), a preemption claim (Count II), and requests declaratory and injunctive relief, again challenging the DCRA's revocation of its business license. See generally id. The plaintiff contends that claim preclusion does not bar its § 1983 claim because "there is no reference in [the] Plaintiff's brief before the D.C. Court of Appeals regarding [the] Defendant's violation of 42 U.S.C. § 1983." Pl.'s Opp'n at 5. But, for the purposes of claim preclusion, the legal theory upon which the plaintiff relies is irrelevant; rather, the relevant inquiry is whether the plaintiff's claims arise out of the same "common nucleus of facts" as the litigation before the OAH and the District of Columbia Court of Appeals. See Faulkner, 618 A.2d at 183. So even though it is now challenging DCRA's conduct under different legal theories, because the plaintiff's current claims arise out of the same "factual nucleus" (i.e., the DCRA's revocation of its business license) as its prior litigation before the OAH and the District of Columbia Court of Appeals, the claims constitute the "same cause of

8

action" for claim preclusion purposes.  See Smith, 629 F. Supp. 2d at 58 (plaintiff's § 1983 claim

was barred by claim preclusion since it arose out of the same nucleus of facts, namely, his

interaction with District of Columbia police, as were also his state common law claims

adjudicated in the D.C. Superior Court); Walker, 471 F. Supp. 2d at 113 (plaintiff's RICO and §

1983 claims were barred by claim preclusion since the claims arose from the same series of

connected transactions adjudicated in D.C. Superior Court).

Furthermore, the plaintiff does not contest that it could have raised its current claims

before the OAH and the District of Columbia Court of Appeals, but nevertheless failed to do so.

And the OAH had authority to consider the plaintiff's preemption claim.  See Youngin's, No. 07-

AA-1210, slip op. at 3 ("Administrative adjudicative bodies, like state courts, generally have

authority to decide that federal law precludes enforcement of a state statute or regulation");

Jordan v. Pub. Serv. Comm'n, 622 A.2d 1106, 1113 n.12 (D.C. 1993) ("the [Public Service]

Commission is free . . . to entertain argument on the question of whether the [congressionally

enacted] Small Business Act preempts [this] kind of regulatory action").  As the plaintiff

concedes, however, it failed to raise the preemption issue before the OAH.  Pl.'s Opp'n at 4.  And

with respect to its § 1983 claim, the plaintiff has presented no authority to establish that the OAH

could not hear its constitutional claims, and the District of Columbia Court of Appeals certainly

had authority to hear them; yet the plaintiff failed to raise both his § 1983 and preemption claims

in the prior litigation.  Accordingly, because the plaintiff's preemption and § 1983 claims arose

out of the same "nucleus of facts" as did its claims in the prior litigation, the plaintiff should have

raised them in the prior litigation and it is consequently barred from doing so now.  See Patton,

746 A.2d at 870.

The plaintiff contends, however, that the doctrine of claim preclusion does not bar its preemption claim because the District of Columbia Court of Appeals "expressly declined to address the Plaintiff's preemption claim." Pl.'s Opp'n at 4. The Court disagrees. Consistent with its practice of not considering an issue that was not presented to the administrative agency absent "extraordinary circumstances," the District of Columbia Court of Appeals exercised its discretion in declining to address the plaintiff's preemption claim since the plaintiff failed to raise it before the OAH. Youngin's, No. 07-AA-1210, slip op. at 2. Specifically, the court found that the case presented no "extraordinary circumstances" because the plaintiff's preemption position was not "readily apparent" and other jurisdictions have generally concluded that legislation and regulations similar to the District's are not preempted by 49 U.S.C. § 14501. Id. The plaintiff nevertheless resists the Court of Appeals' decision, protesting that the court "refused to define Plaintiff's circumstances as 'exceptional'" despite the alleged burden that the DCRA's license revocation imposed on the plaintiff. Pl.'s Opp'n at 4. The plaintiff's arguments, however, merely reflect its disagreement with the Court of Appeals ruling and are irrelevant to the issue of claim preclusion. Recognizing that claim preclusion is intended to promote "the comity between state and federal courts that has been recognized as a bulwark of the federal system," Allen, 449 U.S. at 96, this Court cannot and will not undermine the District of Columbia Court of Appeals' discretionary authority to consider issues that were not raised before District of Columbia administrative agencies. Cf. Bannum, Inc. v. District of Columbia, 433 F. Supp. 2d 1, 3 (D.D.C. 2006) (this Court cannot act as "a de facto court of appeals for parties aggrieved by unfavorable decisions in the District of Columbia courts."). In short, the plaintiff had its chance to litigate the preemption claim before the OAH and failed to do so. This Court, therefore, declines to grant the plaintiff a second bite at the apple.

## 2. Full and Fair Opportunity to Litigate Claims in Prior Case

Finally, the plaintiff argues that claim preclusion should not apply in this case because it did not have a "full and fair opportunity" to litigate its claims before the OAH and District of Columbia Court of Appeals.[5]  Pl.'s Opp'n at 4-5.  "A federal court can refuse to grant preclusive effect to a state court judgment if the plaintiff was denied a full and fair opportunity to litigate in state court."  Smith, 629 F. Supp. 2d at 57-58 (citing Allen, 449 U.S. at 94 and Kremer, 456 U.S. at 481 n.22).  However, "to provide a full and fair opportunity to litigate, a state court need only meet the procedural requirements of due process."  Id. (internal quotation marks omitted).

The OAH and District of Columbia Court of Appeals proceedings clearly satisfied the procedural requirements of due process.  The plaintiff's hearing before the OAH exhibited all the indicia of a formal judicial proceeding.  The Agency granted the plaintiff a full evidentiary hearing before an Administrative Law Judge, which included representation by counsel, the opportunity to present evidence and cross-examine DCRA's witnesses, and the opportunity to present arguments to the Administrative Law Judge.  See Compl. ¶¶ 8-9 (describing OAH proceeding before the Administrative Law Judge as an evidentiary hearing); Pl.'s Opp'n at 5 (noting that the plaintiff was represented by counsel before the OAH); Youngin's, No. 07-AA-1210, slip op. at 3-8 (describing and upholding that Administrative Law Judge's credibility determinations of various witnesses who testified at the OAH hearing).  Moreover, the Administrative Law Judge entertained the plaintiff's challenges to the DCRA's revocation of its

---

[5]     The Court acknowledges that the plaintiff's actual argument is that issue preclusion, or collateral estoppel, does not bar its claims because it did not have a "full and fair opportunity" litigate its preemption claim before the D.C. Court of Appeals. Pl.'s Opp'n at 4-5.  However, because the resolution of this case turns on claim preclusion rather than issue preclusion, the Court must consider the plaintiff's arguments in the claim preclusion context.

business license, id. at 1, thereby indicating that the plaintiff had a "full and fair opportunity" to litigate any issues it wished to raise. And the District of Columbia Court of Appeals, in affirming the OAH ruling, issued a detailed opinion acknowledging each of plaintiff's claims and upholding the Administrative Law Judge's various rulings. See generally id. Although the Court of Appeals declined to consider the plaintiff's preemption argument because it found the absence of "extraordinary circumstances," by no means did this deprive the plaintiff of a "full and fair opportunity" to litigate the claim. To be sure, the plaintiff had the opportunity to litigate this claim at the agency level, but, as the plaintiff itself admits, it simply failed to exercise that opportunity. Pl.'s Opp'n at 4. And in regard to its § 1983 claim, the plaintiff concedes that it never even attempted to raise this claim in the prior proceedings and it offers no explanation for this omission. See Pl.'s Opp'n at 5 ("there is no reference in Plaintiff's brief before the D.C. Court of Appeals regarding Defendant's violation of 42 U.S.C. § 1983"). Accordingly, the Court rejects the plaintiff's argument that it was denied a "full and fair opportunity to litigate" its claims in the proceedings before the OAH and District of Columbia Court of Appeals.

## IV.  CONCLUSION

For the foregoing reasons, the doctrine of claim preclusion bars the plaintiff from pursuing its claims filed against the defendant in this Court and this Court must therefore grant the defendant's motion to dismiss, as the defendant has failed to state a claim upon which relief may be granted.[6]

_____/s/_____
Reggie B. Walton
United States District Judge

---

[6]        An Order consistent with the Court's ruling accompanies this Memorandum Opinion.